SOUTHERN DISTRICT OF MISSISSIPPI
FILED

AUG 30 2016

ARTHUR JOHNSTON        DEPUTY
BY_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**LOUIS ELLIS**                                                                                    **PLAINTIFF**

**v.**                                                        CIVIL ACTION NO. _3:16 cv 678 CWR-FKB_

**JACKSON HINDS LIBRARY SYSTEM**                                          **DEFENDANT**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Louis Ellis, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under Title VII and 42 U.S.C. §1981 through 1983. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### THE PARTIES

1.      Plaintiff, Louis Ellis, is an African-American male resident of Hinds County, Mississippi residing at 320 Maryland Drive, Jackson, MS 39209.

2.      Defendant, Jackson Hinds Library System, is a county agency and may be served with process through its registered agent: Patty Furr, Executive Director, 300 North State Street, Jackson, MS 39201.

### JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction and venue is proper in this court.

4.      Plaintiff timely filed a Charge of Discrimination with the EEOC on March 10, 2016, a true and correct copy of which is attached as Exhibit "A."  Plaintiff received a Notice of Right to Sue on June 2, 2016, a true and correct copy of which is attached as Exhibit "B."

1

5.      Plaintiff timely files this cause of action within the appropriate statute of limitations for claims arising under Title VII and 42 U.S.C. § 1981 through 1983.

## STATEMENT OF FACTS

6.      Plaintiff began working for Defendant on October 17, 2014 as a Maintenance Technician.  He was in charge of maintenance in all 15 library branches.

7.      On March 26, 2015, his Caucasian supervisor, Loren Reed, made a racial statement which was offensive to Plaintiff.

8.      Plaintiff complained to Patty Furr, Executive Director of the library, about what Loren Reed had said to him.  Ms. Furr took no action other than to make Loren Reed apologize to Plaintiff.

9.      On December 14, 2015, Plaintiff filed a grievance against his supervisor, Loren Reed, for other harassing issues that had occurred.  On January 7, 2016, a meeting was held to discuss Plaintiff's grievance.  Once again, Loren Reed only apologized.

10.      On March 3, 2016, Plaintiff was issued a disciplinary warning report filled with untrue accusations against him and threatened with termination.

11.      On April 15, 2016, Plaintiff was terminated for allegedly not following proper protocol and for the use of a racial slur.

12.      In actuality, Plaintiff was terminated in retaliation for complaining about racial discrimination against his supervisor, Loren Reed, who is friendly, inside and outside of work, with the Executive Director, Patty Furr.

## CAUSES OF ACTION

## COUNT I - VIOLATION OF TITLE VII AND 42 U.S.C. 1981 through 1983
## RACE DISCRIMINATION

13.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 12 above as if fully incorporated herein.

14.     The Defendant violated Title VII and 42 U.S.C. 1981 through 1983 by allowing their employee, Loren Reed, to discriminate against Plaintiff based on his race. Plaintiff is African American; thus, he is protected against discrimination on the basis of his race.   Plaintiff was more than qualified for the position he held and had no disciplinary actions in his personnel file until he complained of racial discrimination. Plaintiff ultimately suffered an adverse employment decision in that he was terminated from employment with Defendant.

15.     The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT II – VIOLATION OF TITLE VII AND 42 U.S.C. 1981 through 1983
## RETALIATION

16.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 15 above as if fully incorporated herein.

17.     After Plaintiff made his complaint regarding the racial discrimination of Loren Reed, the Defendant condoned and permitted unlawful retaliation against Plaintiff by allowing Patty Furr to terminate Plaintiff.

18.     Plaintiff has been harmed as a result of this retaliation, and the Defendant is liable to Plaintiff for the same.

19.     The acts of the Defendants constitute a willful intentional violation of  Title VII and 42 U.S.C. § 1981 through 1983 and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.     Back wages or reinstatement; or
2.     Future wages in lieu of reinstatement;
3.     Compensatory damages;
4.     Punitive damages;
5.     Attorney's fees;
6.     Costs and expenses; and
7.     Such further relief as is deemed just and proper.

THIS the _30th_ day of August 2016.

Respectfully submitted,

LOUIS ELLIS, PLAINTIFF

By:     _Louis H. Watson Jr._

Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com.com
Web: www.watsonnorris.com